IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEROYCE WHITE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-0899-CV-W-ODS |
| ) | Crim. No. 07-00320-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART MOVANT'S MOTION FOR POSTCONVICTION RELIEF AND DENYING CERTIFICATE OF APPEALABILITY

I. BACKGROUND

On September 12, 2007, Movant was indicted on one count of being a felon in possession of a firearm and one count of possessing cocaine base. Movant pled guilty to Count I pursuant to an agreement based on the parties' understanding that Movant's base offense level would be 24 and that he had only two prior felony convictions for a crime of violence or a controlled substance offense. The plea agreement stated – and the Court informed Defendant at the Rule 11 hearing – that the maximum sentence was ten years. However, while conducting its presentence investigation, the Probation Office discovered Movant actually qualified as an Armed Career Criminal and was facing a statutorily-mandated minimum sentence of fifteen years. On March 17, 2009, the Court allowed Movant to withdraw his guilty plea. Pursuant to a subsequent agreement between the parties, Movant then pleaded guilty to an Information charging him with being a felon in possession of ammunition and the Indictment was dismissed. Movant was classified as an armed career criminal and sentenced to 180 months imprisonment.

In this postconviction proceeding, Movant contends his trial counsel provided ineffective assistance by (1) not filing a Notice of Appeal and (2) not investigating

defenses and preparing for trial. The Court appointed counsel and held an evidentiary hearing on the first claim. The Court now denies Movant's request for postconviction relief.

## II. DISCUSSION

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

A.

Movant first contends his attorney was ineffective because he failed to file a Notice of Appeal as instructed by Movant. "A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable; [a] defendant is entitled to a new appeal without showing that his appeal would likely have had merit." Parsons v. United States, 505 F.3d 797, 798 (8th Cir. 2007) (quotations omitted); see also Watson v. United States, 493 F.3d 960, 063-64 (8th Cir. 2007).

Counsel was appointed to represent Movant on this claim, and a hearing was held on October 3, 2011. The Court finds that Movant discussed filing an appeal with his trial counsel. During these discussions, Movant expressed a desire to appeal. Trial counsel explained that Movant had surrendered his right to appeal (with certain exceptions) as part of his plea agreement. Similar discussions took place between Movant's mother and trial counsel.

The Court finds the parties understood the conclusion of these meetings differently. Movant (and his mother) understood that a Notice of Appeal would be filed. Trial counsel believed he had successfully explained why a Notice of Appeal could (or should) not be filed, and the matter was ended. Trial counsel's belief was undoubtedly fueled by his stated intention of not filing a Notice of Appeal even if asked to do so: this mindset contributed to trial counsel's conclusion that he had explained the Plea Agreement's effect on Movant's ability to appeal and the risks associated with taking an action that might be deemed a breach of the Plea Agreement.

The decision to file a Notice of Appeal rests ultimately with Movant. It may be an unwise decision, but the decision is his. The Court finds Movant expressed his desire to appeal, but a Notice of Appeal was not filed. The remedy for this situation is to provide Movant with an opportunity to appeal. The Clerk of Court shall prepare, file, and process a Notice of Appeal in Movant's criminal case.

3

B.

Movant's second claim is that he did not voluntarily enter the plea agreement, but was left with no choice but to plead because his attorney was not prepared for trial. This claim is belied by the Record. During the Rule 11 proceeding on June 22, 2009, Movant

- confirmed the factual basis set forth in the Plea Agreement was true and correct, Tr. at 10,[1]
- confirmed that ammunition was in the shaving kit in his bedroom, and that the ammunition belonged to him, Tr. at 16-17
- expressed his understanding that he was surrendering certain appeal rights, Tr. at 12,
- stated (1) he was satisfied with his attorney's performance, (2) his attorney had done everything asked of him, and (3) his attorney had not done anything Movant asked him not to do, Tr. at 13,
- specifically confirmed that counsel did not fail to conduct any investigation or file any motions asked of him, Tr. at 14,
- specifically discussed a motion to suppress that had been contemplated, along with the reasons why the motion was no longer appropriate or necessary, Tr. at 18-19,
- denied that anyone threatened, bullied or coerced him in order to get him to plead guilty, Tr. at 13,
- confirmed that he had sufficient opportunity to discuss the matter with counsel, and that more time would not cause him to change his mind about pleading guilty, Tr. at 13-14, and
- denied having any complaints about counsel's performance. Tr. at 14.

---

[1]This is a reference to the Transcript of the June 22, 2009, hearing, which appears at Docket Entry 80.

These statements, made under oath, are significant because they completely contradict the claims Movant makes now. The motions Movant now complains about were not mentioned; his desire to proceed to trial was not mentioned; nothing he describes as constituting ineffective assistance was mentioned *despite being asked questions that provided him an opportunity to do so.* The Court is entitled to accept the truth of Movant's statements during the Rule 11 proceeding. E.g., United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (court is entitled to rely on statements made under oath at plea hearing); United States v. Johnson, 751 F.2d 291, 294 (8th Cir. 1984)*,* cert. denied, 471 U.S. 1126 (1985) ("[A] defendant must offer a valid reason why his earlier sworn statements should not be believed."). Movant's claims are defeated by his sworn statements, and for that reason they are rejected.[2]

### C. Certificate of Appealability

In order to appeal the denial of relief on the second ground, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

---

[2] Movant's claims can also be rejected because there is no indication in the Record that Movant wanted to go to trial. See Tinajero-Ortiz v. United States, 635 F.3d 1100, 1104-05 (8th Cir. 2011). This is particularly true given (1) the mandatory minimum he was facing, and (2) the increased sentencing exposure he faced in light of other counts that were dismissed pursuant to the plea.

5

The Court has conducted an independent review of the matter and concludes that a Certificate of Appealability should be denied with respect to the second ground for relief. When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b). Here, Movant stated under oath that he understood the Plea Agreement, understood the rights he was waiving, wanted to enter the Plea Agreement, and had no complaints about his attorney's representation. He now contends these sworn statements were false, and he only made those sworn statements he was coerced. The Court's questions provided Movant ample opportunity to assert that he was coerced, unhappy with the Plea Agreement, or unhappy with his attorney. Reasonable jurists would not believe that further proceedings are warranted on this claim.

### III.  CONCLUSION

The Motion for Postconviction Relief is granted in part and denied in part. It is granted insofar as it alleges trial counsel was ineffective for failing to file a Notice of Appeal, and the Clerk of Court is directed to process an appeal in Movant's criminal case. The motion is denied insofar as it alleges trial counsel was ineffective for failing to prepare for trial or adequately advise Movant of his rights.

IT IS SO ORDERED.

DATE: October 6, 2011

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, SENIOR JUDGE  
UNITED STATES DISTRICT COURT